**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:08CV-P79-M**

**STEPHON L. TRAMBER**                                             **PLAINTIFF**

**v.**

**DAVIESS COUNTY DETENTION CENTER** *et al.*               **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Stephon L. Tramber is an inmate currently serving his sentence at the Daviess County Detention Center. He has filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Daviess County Detention Center, Medical Supervisor Virginia, and Southern Health Care. Plaintiff claims that since his incarceration Defendants have given his medication to someone else, given him someone else's medication, and given him Tylenol, which he is allergic to, in violation of his right to be free from cruel and unusual punishment. He claims that he has suffered injuries as a result of Defendants' refusal to see him or acknowledge the problems. He concludes that "If I didn't know some medical procedures I would be dead, literally dead." He is seeking monetary and injunctive relief. This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss a portion of the claims and allow the remainder to proceed for further development.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or

in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendants will be dismissed.

Municipal departments, such as jails, are not amendable to suit under § 1983. *See Rhodes v.*

2

*McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Accordingly, because the Daviess County Detention Center is not a "person" subject to suit under § 1983, Plaintiff's claims against it will be dismissed. The Court will allow the remainder of Plaintiff's claims to proceed for further development.

      The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
           Daviess County Attorney
           Defendants

4414.008